**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SWAIN CLARKE, | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-26-866-D** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|       **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Swain Clarke, proceeding pro se, filed a complaint alleging violations under the Federal Tort Claims Act. Doc. 1. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned now considers Plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP") ("Application"). Doc. 2.

**I.     Analysis**

After reviewing Plaintiff's Application, the undersigned explained that it was deficient in several respects and ordered Plaintiff to cure those deficiencies. Doc. 6. Specifically, the undersigned ordered Plaintiff to submit a new Application for Leave to Proceed IFP and to provide:

- the certification and signature of an authorized institutional official as required on pages 3-4 of the application form; and

- a certified copy of a statement of Plaintiff's institutional account(s) covering the six-month period immediately preceding the filing of the complaint, as required on page 3 of the application form.

*Id*. at 1 (citing 28 U.S.C. § 1915(a)(2)).[1] Plaintiff's deadline for doing so was not later than May 22, 2026. *Id.*

To date Plaintiff has not complied with the Court's order to provide the financial information necessary to grant indigent status. Accordingly, Plaintiff's Application is insufficient to grant him IFP status. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that "to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees"); *see also id.* at 1313 ("We conclude that the district court did not abuse its discretion in denying IFP status after [plaintiff], having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information.").

## II.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application, Doc. 2, and dismiss this action without prejudice unless Plaintiff pays the full filing fee of $405.00 within 21 days of any order adopting this Report and Recommendation. Plaintiff is advised of his right to object to this Report and

---

[1] The statute governing IFP proceedings requires:

> a prisoner seeking to bring a civil action . . . without prepayment of fees or security [to] submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C.A. § 1915(a)(2) (citation modified).

Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than June 25, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

3